HARRY H. NADEL and JAMES J. NADEL, Plaintiffs, Appellants, *v.* BRILLO MANUFACTURING CO., INC., Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 21, 1924,

Contracts — action against corporation under contract made by its president for services in making audit covering period of years — no defense that audit was to be used by officers who employed plaintiffs in effort to dispose of their individual stock — plaintiffs' employment ratified by corporation — contract not ultra vires.

In an action against a corporation for work, labor and services performed by the plaintiffs in making an audit and report covering a period of years, in which it appears that the plaintiffs were employed by the president of the defendant; that the work was similar in character to work which plaintiffs had formerly been employed to do; and that the corporation derived and retained benefit from such work, it is no defense that the report was to be used by the officers of the defendant who employed the plaintiffs in an effort to dispose of their individual holdings of stock.

The evidence is sufficient to establish ratification of the employment of plaintiffs by the corporation. The agreement was not *ultra vires.*

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of defendant dismissing complaint upon the merits.

*Sidney S. Bobbe*, for the appellants.

*Henry Woog*, for the respondent.

GUY, J.  Plaintiffs have appealed from a judgment in favor of defendant entered by direction of the court acting without a jury.

The pleadings are oral; and the cause of action stated is for work, labor and services in making up an audit and report covering a period of five years.

Defense is a general denial and payment.

The trial judge, in his opinion, finds as matter of fact, for which there is abundant support in the evidence, that the president of the defendant company, at the time of the alleged employment, as well as as his successor in office, did actually employ plaintiffs to do the work for the value of which suit is brought; but holds that because the report was to be used by the officers of the company who employed plaintiffs in an effort to dispose of their individual holdings of stock, the defendant company could not be held liable. In so holding the learned justice erred.  In making the contract of employment with plaintiffs the president of the defendant company acted within the scope of his general authority as president. The work was similar in character to work which the plaintiffs had formerly been employed to do by the president of the company and been paid therefor by the defendant company; it was a character of work necessarily incident to the proper conduct of the business of the defendant corporation.  Plaintiffs were not chargeable with knowledge of the use which the officers of the company contemplated making of the report prepared and furnished by plaintiffs for the defendant company.

It also appears that at the time of the employment of plaintiffs by the defendant corporation, plaintiffs were already working for the corporation and had been doing so for some time, and not only were they requested to prepare a report of the corporation's affairs, but were given access to the company's books and records for five years back, and were permitted to take some of them away from the office of the company.  The proof also shows that the corporation derived and retained benefit from plaintiffs' work.  This evidence is sufficient to establish ratification of the employment of plaintiffs by the corporation.

The learned justice dismissed the complaint on the ground that the agreement was *ultra vires*.  No such defense was pleaded, nor was there any proof that there were any other officers of the cor-

poration than those who employed plaintiffs, or any provision of the charter or by-laws of the corporation which prevented those officers from employing the plaintiffs.

Judgment reversed, with $30 costs, and judgment directed in favor of plaintiff for $850, with interest and costs.

BIJUR and MULLAN, JJ., concur.